KM

1

2    WO

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Haider Abdullah,                        No.    CV-25-01946-PHX-JAT (ASB)

10                       Plaintiff,

11    v.                                      **ORDER**

12    Ryan Thornell, et al.,

13                       Defendants.

14

15            Self-represented Plaintiff Haider Abdullah, who is confined in the Red Rock

16    Correctional Center, has filed a civil rights Complaint pursuant to 42 U.S.C.

17    § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will

18    order Defendants Ivens, Montgomery, Shinn, Mora, and Martinez to answer Counts One,

19    Two, Three, and Six of the Complaint and will dismiss the remaining claims and

20    Defendants without prejudice.

21    **I.      Application to Proceed In Forma Pauperis and Filing Fee**

22            The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28

23    U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C.

24    § 1915(b)(1).  The Court will assess an initial partial filing fee of $10.64.  The remainder

25    of the fee will be collected monthly in payments of 20% of the previous month's income

26    credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

27    28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

28    government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

1  **II.    Statutory Screening of Prisoner Complaints**

2          The Court is required to screen complaints brought by prisoners seeking relief

3  against a governmental entity or an officer or an employee of a governmental entity.  28

4  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5  has raised claims that are legally frivolous or malicious, fail to state a claim upon which

6  relief may be granted, or seek monetary relief from a defendant who is immune from such

7  relief.  28 U.S.C. § 1915A(b)(1)–(2).

8          A pleading must contain a "short and plain statement of the claim *showing* that the

9  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

10  not demand detailed factual allegations, "it demands more than an unadorned, the-

11  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13  conclusory statements, do not suffice."  *Id.*

14          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17  that allows the court to draw the reasonable inference that the defendant is liable for the

18  misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

19  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20  experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

21  allegations may be consistent with a constitutional claim, a court must assess whether there

22  are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

23          But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24  must "continue to construe [self-represented litigant's] filings liberally."  *Hebbe v. Pliler*,

25  627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner]

26  'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.*

27  (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

28  . . . .

### III.    Complaint

In his eight-count Complaint, Plaintiff sues former Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR) Director David Shinn; CoreCivic; Healthcare Providers Dr. Kieth Ivens and Dr. Roy Montgomery; Medical Staff Aurora Shinn, Nancy Mora, and Anna Martinez; and Laundry Supervisor Linda Lydy. Plaintiff seeks monetary damages and injunctive relief.

In **Count One**, Plaintiff alleges violations of his Eighth Amendment right to medical care. Plaintiff claims that on February 2, 2024, he sought medical attention for shortness of breath and numbness in his arm, hand, and face "stemming from [an] exteme[ly] high dosage and excessive amount of medications [he] was prescribed by Dr. Ivens" for treating heart disease, high blood pressure, and cholesterol. Plaintiff also suffered internal bleeding, vomiting, dizziness, and temporary paralysis "of certain extremities," among other symptoms. Plaintiff described his symptoms to Defendant Ivens but Ivens disregarded the symptoms and stated "I don't care, put in another HNR, I'm busy." Plaintiff claims Defendant Ivens declined to provide Plaintiff adequate medical care despite having "direct knowledge" of Plaintiff's "chronic condition and healthcare needs." Plaintiff asserts Defendant Ivens "committed further injury" by prescribing Plaintiff "dangerously high dosage medications and an excessive amount of 26 different mediations that he instructed [Plaintiff to] take three time daily." Plaintiff claims he took 78 pills per day for five months and this led to the "various life threatening symptoms that were repeatedly ignored and put [Plaintiff] at higher risk for stroke/heart attack which [he] suffered from eleven hours later while held in medical cell."

In **Count Two**, Plaintiff alleges his Eighth Amendment rights were violated when, on September 22, 2024, Defendants Mora, Martinez, and Montgomery denied him medical shoes. Plaintiff claims that in 2017, he was prescribed medical shoes because his left leg is 2.85 inches shorter than his right leg, which also causes left foot complications. Plaintiff requested a new pair of medical shoes because his current ones were worn and "no longer supporting [his] foot/leg condition." Plaintiff claims Defendants Montgomery, Mora, and

Martinez "denied on every attempt to obtain a new pair of custom medical shoes without any legal or medical justification"  and with "direct knowledge" of Plaintiff's disability and need for the shoes.

In **Count Three**, Plaintiff alleges Defendant Aurora Shinn violated his Eighth Amendment rights when, on February 2, 2024, she "neglected [Plaintiff's] chronic healthcare conditions[.]"  Earlier that day, Plaintiff had seen Defendant Montgomery, who ignored the prescription medication complications Plaintiff was suffering and sent Plaintiff back to his cell.  Plaintiff claims that after a floor officer activated an Incident Command System (ICS) related to Plaintiff's complications, Plaintiff was returned to the medical unit where Defendant Aurora Shinn "began to mock and laugh at [Plaintiff] and [his] medical condition" and told another staff member that Plaintiff was "faking and just wants to go back to hospital, put him in a med cell."  Plaintiff alleges he was forced to stay in a medical cell for eleven hours while he "repeatedly called for help[,] suffering from medical complications due to prescribed medications."  Around 7:00 p.m., a security officer came to check on Plaintiff "and ordered the nurses to call 911 . . . as [Plaintiff] was having a stroke."  Plaintiff was hospitalized for three days and "also suffered being in a coma for these 3 days."  Plaintiff contends Defendant Aurora Shinn "failed to provide the necessary medical evaluation of symptoms and proper medical treatment" and "there was substantial harm and injury committed through her negligence and delay of required medical care."

In **Count Four**, Plaintiff alleges Steven Cortez was "complicit in the unprofessionalism and unethical conduct that was displayed by his co-worker, Aurora Shinn," including laughing and mocking Plaintiff's medical condition and the emergency he was experiencing.  Plaintiff asserts Cortez "voluntarily and carelessly neglected [Plaintiff's] apparent medical complications," did not immediately react to Plaintiff's medical needs, and further accused Plaintiff of malingering which delayed emergency medical treatment.  Plaintiff claims the delay led to worsening of his condition and his ultimate hospitalization for "stroke/heart attack and in a coma for 3 days."

. . . .

In **Count Five**, Plaintiff claims Defendant CoreCivic's "policies towards physically handicapped inmates suffering from . . orthopedic issues under the ADA fails to provide just medical care and treatment to support [Plaintiff's] orthopedic handicap." Plaintiff asserts CoreCivic's current policy fails to provide for Plaintiff's specific handicap even though the policy is supposed to minimize prisoners' exposure to conditions "that pose an unreasonable risk of serious damage to future health." Plaintiff contends CoreCivic's "regulations on ADA and medical care equipment for orthopedic handicaps have caused unjust medical consequences violative of [the] 8th Amendment."

In **Count Six**, Plaintiff alleges Defendant Montgomery violated his Eighth Amendment rights when, on February 2, 2024, Montgomery sent Plaintiff back to his housing unit without medical treatment after Plaintiff explained he was experiencing paralysis in his right hand and arm, numbness in his face, and high blood pressure. Plaintiff claims his blood pressure "read over 250." Plaintiff asserts Montgomery "showed blatant deliberate indifference in denying [Plaintiff] necessary and adequate medical treatment . . . which [Plaintiff's] vital and . . . medical symptoms proved to require immediate medical attention." Plaintiff claims Defendant Montgomery's failure to adhere to ADCRR policy, which requires medical staff to "immediately respond to medical needs of inmate[s] by evaluating health needs" and to "provide appropriate health care[,] . . . resulted in negligence, delay of health care, and malpractice that le[]d to [Plaintiff's] stroke."

In **Count Seven**, Plaintiff alleges Defendant David Shinn "has failed to exercise . . . reasonable or ordinary care to protect prisoners such as [Plaintiff] from medical negligence and assaults by the current medical and ADA policies that are currently enforced." Plaintiff claims the current policies prevent him from receiving proper medical equipment to support his "permanent physical handicap." Plaintiff asserts Defendant David Shinn has "committed medical negligence which has led to deliberate indifference towards Plaintiff" because Plaintiff's "right to specific orthopedic shoes has been limited with strict and unreasonable approval requirements that exclude [Plaintiff] from obtaining . . . medical shoes [he] was approved for and received for [the] past seven years."

In **Count Eight**, Plaintiff alleges violations of his First Amendment right to free exercise of religion. Plaintiff alleges that on the first day of his laundry job, Defendant Lydy asked him what his nationality and religious beliefs were, which Plaintiff claims "was very offensive and discriminatively racist." Plaintiff states he was the only Arabic Muslim worker during the six months he was employed in the laundry. Plaintiff claims he was "paid 80 hours every two weeks excluding the last pay period," for which he was only paid for 64 hours "without a legitimate reason." Plaintiff was "also given an unsatisfactory work eval[uation] compared to previous (E) or excellent work eval[uations]." Plaintiff asked Defendant Lydy about the "14-hour deduction and poor work eval[uation] while all other workers received E's and 80 hours." According to Plaintiff, Defendant Lydy responded that she "is the boss and she can do what she wants." Defendant Lydy told Plaintiff to "sign your pay or I'm going fire you." Plaintiff refused to sign for fewer hours and a poor evaluation because he has "always done [his] job from 4:30am to 12:30 pm every work day." Plaintiff contends he "was removed from [his] laundry position unjust[ly] and discriminently (sic)."

Plaintiff contends Defendant Lydy "showed deliberate indifference through her racial and religious profiling which in turn influenced her unethical behavior and [discriminatory] acts towards [Plaintiff]." Plaintiff asserts Defendant Lydy fired him "because of [his] racial identity and religion," and this hinders his chances of success at future parole or clemency hearings."

**IV.    Failure to State a Claim**

Although self-represented pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

. . . .

. . . .

**A.    Count Four**

In Count Four, Plaintiff alleges Steven Cortez was "complicit" in Defendant Auora Shinn's "unprofessionalism and unethical conduct" and neglected Plaintiff's medical complications.  Plaintiff has not named Cortez as a Defendant in the Complaint.

Even if Plaintiff had named Cortez as a Defendant, negligence is insufficient to state an Eighth Amendment claim.  *See Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002) ("Neither negligence nor gross negligence will constitute deliberate indifference."); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  Accordingly, the Court will dismiss Count Four.

**B.    Count Five**

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity.  *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam).  A plaintiff must allege the specific policy or custom and how it violated his constitutional rights.  A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights.  *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff alleges Defendant CoreCivic's ADA policy "fails to provide for [Plaintiff's] specific orthopedic handicap," but Plaintiff does not describe the policy itself or explain how that policy resulted in the denial of Plaintiff's medical shoes.  Accordingly, Plaintiff has failed to state a claim against Defendant CoreCivic.

**C.    Count Seven**

In Count Seven, Plaintiff alleges Defendant David Shinn "has failed to exercise . . . reasonable or ordinary care to protect prisoners such as [Plaintiff]" through ADCRR policies" and alleges current policies prevent him from receiving medical equipment to

support his "permanent physical handicap." Plaintiff does not describe the current policies, nor has he explained how those policies have prevented him from obtaining medical equipment. Plaintiff's allegations are too vague to state a claim against Defendant David Shinn. The Court will therefore dismiss Count Seven.

### D.    Count Eight

In Count Eight, Plaintiff claims Defendant Lydy wrongfully fired him from his laundry job. To the extent Plaintiff claims he was fired based on racial or religious discrimination, he fails to state a claim. To establish a violation of the Equal Protection Clause based on a claim of racial or religious discrimination, a prisoner must present evidence of discriminatory intent or purpose. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Plaintiff's allegations are not sufficient to show Defendant Lydy acted with discriminatory intent or purpose. Plaintiff alleges only that on his first day of work, Defendant Lydy asked him what his nationality and religious beliefs were. Six months later, Plaintiff alleges he was fired after refusing to "sign [his] pay" for fewer hours than he worked and after receiving an "unsatisfactory" work evaluation. Plaintiff does not allege facts demonstrating the "unsatisfactory" work evaluation or reduced pay were motivated by a discriminatory intent or purpose. Accordingly, these allegations fail to state a claim for relief.

Plaintiff also alleges Defendant Lydy's actions deprived him of his "right to work for parole/clemency purposes." Prisoners do not have a constitutional right to vocational or work programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate constitutional rights); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir.1985) (no right to vocational course for rehabilitation); *Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir.1985) (no constitutional right to jobs and educational opportunities). Accordingly, the Court will dismiss Count Eighth for failure to state a claim.

. . . .

. . . .

**V.    Claims for Which an Answer Will Be Required**

Liberally construed, Plaintiff has adequately stated claims in Counts One, Two, Three, and Six.  The Court will order Defendant Ivens to answer Count One; Defendants Montgomery, Mora, and Martinez to answer Count Two; Defendant Aurora Shinn to answer Count Three; and Defendant Montgomery to answer Count Six.

**VI.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or Private Facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court.  Plaintiff is not required serve Defendants with copies of every document or provide an additional copy of every document for the Court's use.

**If** Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating that a

copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $10.64.

(3)    Counts Four, Five, Seven and Eight are **dismissed** without prejudice.

(4)    Defendants David Shinn, Thornell, CoreCivic, and Lydy are **dismissed** without prejudice.

(5)    If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(6)    Defendants Ivens, Montgomery, Aurora Shinn, Mora, and Martinez must answer Counts One, Two, Three, and Six, as described above.

(7)    The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Ivens, Montgomery, Shinn, Mora, and Martinez.

. . . .

(8)    Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(10)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(12)    A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(13)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

> (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of ADCRR unless the officer or employee works there.

TERMPSREF

1          (b)    within 10 days after personal service is effected, file the return of

2                    service for Defendant, along with evidence of the attempt to secure a

3                    waiver of service of the summons and of the costs subsequently

4                    incurred in effecting service upon Defendant.  The costs of service

5                    must be enumerated on the return of service form (USM-285) and

6                    must include the costs incurred by the Marshal for photocopying

7                    additional copies of the Summons, Complaint, or this Order and for

8                    preparing new process receipt and return forms (USM-285), if

9                    required.  Costs of service will be taxed against the personally served

10                   Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

11                   Procedure, unless otherwise ordered by the Court.

12      (14)  Defendants must answer the Complaint or otherwise respond by appropriate

13  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

14  Rules of Civil Procedure.

15      (15)  Any answer or response must state the specific Defendant by name on whose

16  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

17  does not identify the specific Defendant by name on whose behalf it is filed.

18      (16)  This matter is referred to Magistrate Judge Alison S. Bachus pursuant to

19  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

20  authorized under 28 U.S.C. § 636(b)(1).

21      Dated this 11th day of September, 2025.

22

23

24

25                                  James A. Teilborg
                            Senior United States District Judge

26

27

28